**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK HUBERT HUMMER, | No. 09-16266 |
| Plaintiff - Appellant, | D.C. No. 4:07-cv-00211-DCB |
| v. | |
| DORA B. SCHRIRO, Director, ADOC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

Arizona state prisoner Jack Hubert Hummer appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison

officials' failure to approve recommended cataract surgery amounted to deliberate

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

indifference.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's summary judgment ruling, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), and for abuse of discretion the district court's denial of appointed counsel, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986), and we affirm.

The district court properly granted summary judgment because Hummer failed to present evidence showing that the defendants' denial of cataract surgery in his right eye has caused or will cause further injury, or that the defendants knew of other serious pain or medical problems caused by Hummer's cataract.  *See Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (defendant must have knowledge of a substantial risk of serious harm to show deliberate indifference); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (a delay in medical treatment must lead to further injury to support a claim of deliberate indifference).

The district court did not abuse its discretion by denying Hummer's request for counsel because this case does not present "exceptional circumstances."  *See Wilborn*, 789 F.2d at 1331 (district court may designate counsel to represent an indigent civil litigant in "exceptional circumstances," a standard that requires an

evaluation of the likelihood of success on the merits and the complexity of the issue involved).

We do not consider Hummer's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

We deny as moot the defendants' motion to strike portions of Hummer's reply brief.

**AFFIRMED.**