**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANNA M. BUENROSTRO,

 Plaintiff - Appellant,

 v.

ERIC H. HOLDER, Jr., Attorney General,

 Defendant - Appellee.

No. 08-56620

D.C. No. 2:06-cv-06814-SJO-SH

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and THOMAS, Circuit Judges.

 Anna M. Buenrostro appeals pro se from the district court's summary judgment in favor of her employer in her action alleging discrimination and harassment in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Vasquez v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cnty. of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003), and for abuse of discretion its denial of a request to reopen discovery, *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on the discrimination claim because Buenrostro failed to show that she was treated less favorably than similarly-situated employees outside her protected class or that her employer's proffered nondiscriminatory reasons for its actions, such as denying her a promotion, were pretextual. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). Similarly, the district court properly granted summary judgment on the harassment claim because Buenrostro failed to show that she was subjected to conduct severe or pervasive enough to create a hostile work environment. *See Vasquez*, 349 F.3d at 642-44.

The district court did not abuse its discretion in denying Buenrostro's second request for additional discovery under Federal Rule of Civil Procedure 56(f) because she failed to show that she diligently pursued her previous discovery opportunities and how allowing additional discovery would have precluded summary judgment. *See Panatronic USA*, 287 F.3d at 846.

We do not consider Buenrostro's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

Buenrostro's remaining contentions are unpersuasive.

**AFFIRMED.**