FILED

MAR 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VERNETTA STEELE, | No. 09-55067 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-02474-GHK-E |
| v. | |
| BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Vernetta Steele appeals pro se from the district court's judgment following a

bench trial and partial summary judgment in her employment action alleging race,

gender, color, age, and disability discrimination, harassment, and retaliation.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's factual findings as to discriminatory and retaliatory intent, *Lam v. Univ. of Haw.*, 40 F.3d 1551, 1564 (9th Cir. 1994), and de novo the district court's grant of summary judgment, *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court did not clearly err by finding that Steele failed to prove that her employer's denial of a one-year term extension and a District Adjudications Officer position was motivated by her race, gender, color or protected activity. *See Lam*, 40 F.3d at 1565-66 (holding that the district court's finding of no discrimination or retaliation under Title VII was not clearly erroneous because the finding was supported by the record).

The district court properly granted summary judgment on Steele's remaining discrimination and retaliation claims because she failed to raise a genuine issue of material fact that she was treated less favorably than similarly-situated employees outside her protected class, that she had a "disability," or that her employer's proffered legitimate, nondiscriminatory reason for not "converting" her term position to "career conditional status" was pretextual. *See Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (disability discrimination); *Leong v. Potter*, 347 F.3d 1117, 1124-25 (9th Cir. 2003) (burden-shifting analysis).

Similarly, the district court properly granted summary judgment on the harassment claim because Steele failed to show that she was subjected to conduct severe or pervasive enough to create a hostile work environment. *See Vasquez*, 349 F.3d at 642-44.

Steele's remaining contentions are unpersuasive.

We do not consider Steele's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

**AFFIRMED.**