**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAS G. CLARK, JR., | No. 09-55895 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01576-AHM-CW |
| v. | |
| RAYTHEON COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

Milas G. Clark, Jr., appeals pro se from the district court's summary

judgment in his diversity action alleging employment claims under the California

Fair Employment and Housing Act ("FEHA").  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo the district court's grant of summary judgment.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1258 (9th Cir. 1993). We review for an abuse of discretion both the district court's denial of a request for a continuance under Fed. R. Civ. P. 56(f), *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006), and its denial of a motion for reconsideration, *Sch. Dist. No. 1J*, 5 F.3d at 1262. We affirm.

The district court properly granted summary judgment on the claims Clark raised in his first Department of Fair Employment and Housing ("DFEH") charge because Clark filed his lawsuit more than one year after the DFEH issued its right-to-sue letter. *See* Cal. Gov't Code § 12965(b); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008) (plaintiff must file FEHA claims within one year after the DFEH issues a right-to-sue letter). Further, the district court properly granted summary judgment on all of Clark's discrimination claims because Clark failed to raise a genuine issue of material fact as to whether Raytheon Company's proffered legitimate, nondiscriminatory reasons for its adverse employment actions were pretext for discrimination. *See Morgan v. Regents of the Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 665 (Ct. App. 2000) (analysis of discrimination claims under the FEHA).

The district court properly granted summary judgment on Clark's reasonable accommodations claim because Clark failed to raise a genuine issue of material

fact as to whether Raytheon Company failed to reasonably accommodate his disability. *See Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 62-63 (Ct. App. 2000) (analysis of failure to accommodate claim under the FEHA).

The district court properly granted summary judgment on Clark's retaliation claim because Clark failed to raise a genuine issue of material fact as to whether the decisionmakers knew he filed a DFEH charge when they decided to terminate him, and as to whether Raytheon Company's proffered legitimate, nonretaliatory reasons for Clark's termination were pretextual. *See Morgan*, 105 Cal. Rptr. 2d at 666 (to establish a prima facie case of retaliation, the employee must show "that the employer was aware that the plaintiff had engaged in the protected activity").

The district court did not abuse its discretion in denying Clark's request to for a continuance under Rule 56(f) to conduct additional discovery because Clark failed to show that he diligently pursued his previous discovery opportunities and how allowing additional discovery would have precluded summary judgment. *See Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002).

The district court did not abuse its discretion in denying Clark's motion for reconsideration of the order granting summary judgment because Clark failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J*, 5 F.3d at 1263 (grounds for reconsideration).

09-55895

Clark's remaining contentions are unpersuasive.

We do not consider Clark's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

Clark's motions to supplement the record on appeal, take judicial notice, and file supplemental excerpts of record are denied. Clark's motion to extend the time to file paper copies of his reply brief is granted.

**AFFIRMED.**