**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a
Connecticut corporation,
          *Plaintiff-Appellant,*

v.

CONOCOPHILLIPS COMPANY, as
successor-in-interest to TOSCO
CORPORATION, a Nevada
corporation,
          *Defendant-Appellee.*

Nos. 06-15664
        06-15814

D.C. No.
CV 04-4917 SI

OPINION

Appeals from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Argued and Submitted
June 11, 2008—San Francisco, California

Filed October 20, 2008

Before: A. Wallace Tashima and Susan P. Graber,
Circuit Judges, and Robert J. Timlin,* District Judge.

Opinion by Judge Tashima

---

*The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

14567

## COUNSEL

David C. Capell, Gordon & Rees, San Francisco, California, for the plaintiff-appellant.

James L. Day, Latham & Watkins, San Francisco, California, for the defendant-appellee.

## OPINION

TASHIMA, Circuit Judge:

In these consolidated appeals, Travelers Property Casualty Company of America ("Travelers") appeals from the district court's judgment in favor of Tosco Corporation ("Tosco")[1] and from the district court's award of costs. Travelers contends that Tosco breached the unambiguous language of the workers' compensation insurance policy (the "Policy") that Travelers issued to Tosco. For the reasons discussed below, we conclude that the Policy is unambiguous, and was not breached by Tosco. We therefore affirm the district court's judgment and award of costs.

## I.   JURISDICTION

We have jurisdiction of these appeals from the district court's judgment and award of costs pursuant to 28 U.S.C. § 1291.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

During a fire at a Tosco refinery, several workers were killed and many others were injured. One of the surviving

---

[1]ConocoPhillips Company is the successor in interest to Tosco Corporation, although for continuity, we continue to refer to defendant-appellee as Tosco.

workers and the estate of a deceased worker filed three types of actions: (1) civil lawsuits against Tosco in California state court; (2) claims for workers' compensation benefits with the California Workers' Compensation Appeals Board ("WCAB"); and (3) petitions for augmented penalties with the WCAB.

As part of the settlement of the civil lawsuits, Tosco agreed, without the express consent of Travelers, to a waiver of the right to a statutory credit against future workers' compensation benefits (the "waiver"):

> This Release and Settlement Agreement shall have no effect upon and is not to be construed as a release of any right of [the workers] to receive Workers Compensation benefits under California law as a result of the subject incident . . . . Tosco agrees that it will not assert any offset in such proceedings for the amounts paid in settlement under this agreement.[2]

Tosco paid the agreed upon settlement sums to the workers.

In the meantime, the WCAB awarded death benefits to the deceased worker, and the injured worker is receiving workers' compensation benefits. These benefits are covered by the Policy that Travelers issued to Tosco. Travelers has paid $1.4 million in benefits so far, and estimates that it will pay $2.1 million more in future benefits payments.

Travelers petitioned the WCAB for a credit of the settlement amount against any future benefits that Travelers would have to pay the workers, based on California Labor Code § 3600(b), which provides:

---

[2]The parties agree that Tosco had the legal right to waive the statutory credit as part of the civil lawsuit settlement. As discussed below, however, Travelers contends that such waiver breached certain provisions of the Policy.

> Where an employee . . . receives the compensation provided by this division and secures a judgment for, or settlement of, civil damages . . . [,] the employer shall be relieved from the obligation to pay further compensation to, or on behalf of, the employee . . . up to the net amount of the judgment or settlement . . . .

Cal. Labor Code § 3600(b).

The WCAB denied the petition, finding that Tosco had waived Travelers' right to a credit under § 3600(b). The WCAB further held that Tosco had the authority to waive Travelers' right to a credit under § 3600(b).

Travelers filed the instant diversity action alleging that Tosco breached the Policy by including the waiver in the settlement. Travelers asked for compensatory damages and for a judicial declaration that Tosco must pay any post-settlement workers' compensation benefits payments. On cross-motions for summary judgment, the district court granted Tosco's motion for summary judgment and denied Travelers' motion. It also awarded costs against Travelers in the amount of $7,591.

Travelers timely appealed both the judgment and the award of costs.

## III.   STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment on cross-motions for summary judgment. *Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002). We may affirm for any reason supported by the record. *Atel Fin. Corp. v. Quaker Coal Co.,* 321 F.3d 924, 926 (9th Cir. 2003) (per curiam).

## IV.   ANALYSIS

**[1]** In this diversity action, we apply California law to interpret the Policy. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Clear, explicit, and unambiguous contractual language governs. *Boghos v. Certain Underwriters at Lloyd's*, 115 P.3d 68, 71 (Cal. 2005); *see also* Cal. Civ. Code § 1638. Two provisions of the Policy are the focus of this appeal. We address each, in turn.

### A.   Excess Payments Clause

Part One, Section F, of the Policy provides that "[Tosco is] responsible for any payments in excess of the benefits regularly provided by the workers compensation law . . . ." Travelers contends that Tosco breached this provision because, under the clear language of the provision, "the benefits regularly provided by the workers compensation law" include the right to a credit under § 3600(b). It further contends that, because the workers' compensation benefits that Travelers is currently paying would have been less if Tosco had not waived the right to a credit under § 3600(b), Tosco forced Travelers to make "excess" payments when Tosco waived the credit. Travelers contends that this provision of the Policy requires Tosco to pay these "excess" payments and that, by failing to make the "excess" payments itself, Tosco breached the Policy.

**[2]** We reject these contentions and conclude that this provision of the Policy is clear and unambiguous. Here, Travelers is paying the workers the "regularly provided" workers' compensation benefits, not "excess" payments. The fact that the amount of the workers' compensation benefits might have been reduced because of other money paid to the workers in the civil lawsuits does not increase the workers' compensation benefits paid to the workers beyond the "regularly provided" amount required by the workers' compensation law. Because the WCAB has held that an employer has the authority to

waive a compensation carrier's right to a credit under § 3600(b), we are not persuaded by Travelers' contention that the credit must always be included when calculating the amount of "regular" benefits.

**[3]** We thus conclude that no payments were made by Travelers "in excess of the benefits regularly provided by the workers compensation law." Accordingly, Tosco did not breach the unambiguous language of Part One, Section F, of the Policy. *See Boghos*, 115 P.3d at 71.

## B.   Voluntary Payments Clause

Part Four, Paragraph 6, of the Policy provides: "Do not voluntarily make payments, assume obligations or incur expenses, except at [Tosco's] own cost." Travelers contends that Tosco breached this provision because, under the clear language of the provision, Tosco's waiver of the right to a credit under § 3600(b) was a voluntary act that assumed obligations (the workers' compensation benefits that Travelers is currently paying) at Travelers' cost.

Travelers cites to *Low v. Golden Eagle Insurance Co.*, 2 Cal. Rptr. 3d 761 (Ct. App. 2003), but *Low* does not directly support Travelers' contention. It is distinguishable from the case at bench because, in *Low*, the court held that an insured breached a similar provision by settling claims *that were covered by its insurance* without the insurer's consent, and by then asking the insurer to pay the settlement amount. The district court similarly distinguished *Low* because "[h]ere, Tosco settled civil claims not covered by the Travelers policy and did not ask Travelers to contribute to the civil settlements."

**[4]** We conclude that this provision of the Policy is also clear and unambiguous. It pertains only to the insured voluntarily making payments or incurring expenses and not to a non-monetary requirement simply to refrain from doing something. We thus conclude that Tosco did not "voluntarily

make payments, assume obligations or incur expenses" when it waived the right to a credit under § 3600(b). *See Boghos*, 115 P.3d at 71.

**[5]** We conclude that neither Part 4, Paragraph 6, nor any other provision of the Policy required Tosco to refrain from waiving the right to a credit under § 3600(b) and Tosco's waiver did not constitute a breach of the Policy.[3] *See Atel Fin. Corp.*, 321 F.3d at 926.

## C.   Benefit of the Agreement

Travelers also contends that the waiver of the § 3600(b) credit deprived it of the benefits of its agreement with Tosco. Tosco counters that Travelers is raising a new contention of a breach of an implied duty of good faith and fair dealing, which Travelers did not raise before the district court.

There is no "benefit of the bargain" claim in the complaint, or in Travelers' motion for summary judgment. The district court did not address this type of claim. As we have often stated, we will not review an issue raised for the first time on appeal, unless necessary to prevent manifest injustice. *See, e.g., Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Issues not presented to a district court generally cannot be heard on appeal." (citing *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992))). Thus, we decline to consider this contention because Travelers did not raise it in the district court.

## D.   Award of Costs

**[6]** The only argument by Travelers in opposition to the award of costs is that it was error because summary judgment should have been granted to Travelers. Because we affirm the

---

[3]Because we conclude that the Policy is not ambiguous, we need not reach the issue of the admissibility of the Jeffrey McKinley declaration.

district court's grant of summary judgment in favor of Tosco, we also affirm its award of costs.

## V. CONCLUSION

We conclude that the subject provisions of the Policy are unambiguous and, properly construed, support Tosco's position that its waiver of the statutory credit in § 3600(b) did not breach them or the Policy as a whole. Accordingly, we affirm the judgment of the district court, as well as its award of costs.

**AFFIRMED.**