MEMORANDUM *
Kevin Clark appeals the district court’s grant of summary judgment to Defendants Town of Buckeye and Town officials Murel Stephens, Dustin Hull, and Carroll Reynolds, in their official capacities, (collectively, “the Town”) in Clark’s § 1983 action alleging violations of his due process and First Amendment rights in connection with his termination. We have jurisdiction to review the district court’s final order pursuant to 28 U.S.C. § 1291, and we review de novo the grant of summary judgment. Lukovsky v. City & County of San *179 Francisco, 535 F.3d 1044, 1047 (9th Cir. 2008). We reverse the grant of summary judgment as to Clark’s pre-termination due process claim, affirm on all other claims, and remand for further proceedings.
1. A public employee who is dis-missable only for cause is “entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing.” Gilbert v. Homar, 520 U.S. 924, 929, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532,105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). Although the pre-termination hearing “need not be elaborate,” it must provide the employee “oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story.” Loudermill, 470 U.S. at 545, 546, 105 S.Ct. 1487; see also Gilbert, 520 U.S. at 929, 117 S.Ct. 1807. This ensures that the employee has a “meaningful opportunity” to contest whether the charges “are true and support the proposed [disciplinary] action.” Loudermill, 470 U.S. at 543, 546,105 S.Ct. 1487. The facts regarding the process afforded Clark prior to his termination are not in dispute. However, because the Town has not demonstrated that it explained to Clark the evidence upon which it based its termination decision, nor that it provided Clark a “meaningful opportunity” to challenge the decision to terminate on the basis of that evidence, the Town is not entitled to judgment as a matter of law. We therefore reverse the grant of summary judgment on Clark’s pre-termination due process claim, and remand for further proceedings.
2. Clark argues that his post-termination hearing was constitutionally insufficient because the hearing officer barred him from presenting testimony from several witnesses regarding retaliatory statements made by the Town Mayor. We disagree. Because the hearing officer made a reasonable determination that the testimony was not relevant to his inquiry into whether the Town had cause to fire Clark, the exclusion of such evidence did not violate due process. See Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992) (“A defendant has no right ... to present irrelevant evidence.”). We therefore affirm the grant of summary judgment to the Town on Clark’s post-termination due process claim.
3. Clark contends that the Town terminated him in retaliation for his local campaign activities undertaken in his position as the president of the local lodge of the Fraternal Order of Police (“FOP”). Although Clark presents significant evidence of retaliatory animus related to his campaigning, “[u]nder certain circumstances, a public employer is permitted to take adverse employment action against an employee for engaging in speech that is normally protected by the First Amendment, and the court need not conduct a Pickering balancing test.” Nichols v. Dancer, 567 F.3d 423, 426 (9th Cir.2009). The district court concluded that the Town policy banning Town employees from “engaging in any political activities relating to any Town election beyond the private expression of personal opinion” was constitutional, and that Clark’s actions in endorsing and campaigning for a mayoral candidate in his role as FOP president were therefore not subject to First Amendment protection against adverse employment action. Clark does not challenge the district court’s conclusion regarding the constitutionality of policy on appeal. Rather, he argues that his campaign activities fell within the Town policy exception for “private expression of personal opinion” because he campaigned *180 while off-duty and out of uniform. However, because Clark failed to raise this argument before the district court, he has waived it on appeal. Travelers Property Cas. Co. of America v. Conocophillips Co., 546 F.3d 1142, 1146 (9th Cir.2008). We therefore affirm the grant of summary judgment on Clark’s free speech claim.
4. Clark also makes a distinct claim that he was terminated because of his association with the FOP, in violation of his First Amendment right to free association. In order to survive summary judgment, Clark must demonstrate that a genuine issue of material fact exists as to whether his association with the FOP, independent of his unprotected leadership of the FOP campaign against the Town may- or, was a'“substantial or motivating factor” in the Town’s decision to terminate him. Nichols, 567 F.3d at 426 (internal quotation omitted). Although Clark offers significant evidence of Town animosity towards the FOP, the evidence relates almost entirely to anger regarding the FOP’s campaign activities, and Clark’s leadership of such activities. The evidence Clark presents is insufficient to raise a genuine issue of material fact as to whether his association with the FOP, independent of its prohibited campaign activities, was a factor motivating his termination. We therefore affirm the grant of summary judgment on Clark’s free association claim.
AFFIRMED in part; REVERSED and REMANDED in part. The parties shall bear their own costs of appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.