

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHELLE LONDON-MARABLE and FREDERICK MARABLE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> THE BOEING COMPANY; et al., <br><br> Defendants-Appellees. | No. 08-17107 <br><br> U.S.D.C. No. 04-CV-2611 (PHX) (MHM) <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted November 2, 2009 **
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Appellants Michelle London-Marable and Frederick C. Marable (collectively, "Appellants") appeal from a judgment of the United States District Court for the District of Arizona granting summary judgment in favor of The Boeing Company et al. (collectively, "Boeing Defendants"). Appellants brought claims under Arizona law for: (1) breach of an employment contract; (2) constructive discharge and wrongful termination; (3) intentional infliction of emotional distress; and (4) loss of consortium.

We review a grant of summary judgment de novo. Buono v. Norton, 371 F.3d 543, 545 (9th Cir. 2004). A motion for summary judgment may be granted only if the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). However, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

London-Marable alleges a claim for breach of employment contract based on the "Mesa Management Team" memorandum, a copy of which she received shortly before her last full day of work at Boeing. London-Marable argues that the

2

memo contains an express promise to put her in a light duty position after her injury and that she relied on the statement in the memo that Boeing management "will assist by seeking alternative work assignments" for injured employees and "will maintain a list of available temporary job assignments." However, Boeing management is not <u>obligated</u> to do anything, as the memo simply identifies the "goals" and "priorities" of the management team. The memo is neither a commitment nor a promise to London-Marable to provide her with light duty assignments. <u>See</u> <u>Demasse v. ITT Corp.</u>, 984 P.2d 1138, 1143 (Ariz. 1999). Additionally, there is no evidence in the record that Boeing engaged in any other conduct that would have given London-Marable a reasonable expectation that Boeing was contractually obligating itself to assign her light duty placement. <u>See</u> <u>Roberson v. Wal-mart Stores, Inc.</u>, 44 P.3d 164, 169 (Ariz. Ct. App. 2002). Lastly, but significantly, London-Marable was not the intended recipient of the memo, as it was sent to the "Mesa Management Team," of which London-Marable was not a member. It ended up with London-Marable two weeks after its initial circulation.

London-Marable's estoppel argument is raised for the first time on appeal, so we decline to address it. <u>See</u> <u>Travelers Prop. & Cas. Co. of Am. v. Conocophillips Co.</u>, 546 F.3d 1142, 1146 (9th Cir. 2008).

London-Marable also alleges a claim for constructive discharge under the

3

Arizona Employment Protection Act, A.R.S. §§ 23-1501, 23-1502. To succeed on this claim, the plaintiff-employee must show either (1) working conditions that are so objectively difficult or unpleasant that a reasonable employee would feel compelled to resign; or (2) outrageous conduct by the employer, such as sexual assault or threats of violence, that would similarly compel a reasonable employer to resign. A.R.S. § 23-1502(A)(1)-(2). Under the first provision, the plaintiff-employee must give at least fifteen days' notice of the intent to resign because of unpleasant or difficult working conditions. See A.R.S. § 23-1502(A)(1), (B). Notification by the plaintiff-employee is not required where the employer's conduct is outrageous under A.R.S. § 23-1502(A)(2).

Here, London-Marable provided Boeing with no advance notice of her intent to resign before she actually resigned. On April 19, 2004, London-Marable told Boeing employee Christine Fisher that she was resigning. Fisher asked London-Marable to write a letter with an explanation of her reasons for resigning, which London-Marable provided on May 21, 2004. The date of her resignation, however, remains April 19, 2004. Thus, in order for her constructive discharge claim to survive summary judgment, London-Marable must establish that there is a genuine issue of material fact that Boeing's conduct was so outrageous that a reasonable person would feel compelled to resign. The record supports the opposite

4

conclusion.

It is undisputed that when London-Marable resigned on April 19, 2004, she had not interacted with anyone at Boeing or been subjected to any working conditions at Boeing for over one year. Further, in her May 21, 2004 letter, London-Marable admitted that her "physical disability and mental stress" were the "most obvious reason[s]" for her resignation and acknowledged that she was "no longer able to perform the duties required for the position [she] held when employed." Considering these facts and admissions, the district court properly granted summary judgment on London-Marable's constructive discharge claim. Because we find London-Marable was not constructively discharged, we do not reach her claim for wrongful termination.

London-Marable also made a claim against the Boeing Defendants for intentional infliction of emotional distress ("IIED"). Most of the conduct at issue is barred by the two-year statute of limitations for an IIED claim. See Hansen v. Stoll, 636 P.2d 1236, 1242 (Ariz. Ct. App. 1981) (citing A.R.S. § 12-542(1)).

In any event, viewing the facts in the light most favorable to London-Marable, the conduct within the statutory period is simply not "extreme and outrageous" as required by Arizona law. See Mintz v. Bell Atl. Sys. Leasing Int'l, Inc., 905 P.2d 559, 562–63 (Ariz. Ct. App. 1995); Watts v. Golden Age Nursing

5

Home, 619 P.2d 1032, 1035 (Ariz. 1980). Much more egregious conduct is needed for such a claim. See, e.g., Patton v. First Fed. Sav. and Loan Ass'n of Phoenix, 578 P.2d 152 (Ariz. 1978); Midas Muffler Shop v. Ellison, 650 P.2d 496 (Ariz. Ct. App. 1982). Therefore, the district court appropriately entered summary judgment in favor of the Boeing Defendants on Appellants' IIED claim.

Lastly, Appellants assert a claim for loss of consortium. This claim is derivative and can only exist if the directly injured spouse can establish the elements of an underlying cause of action. Barnes v. Outlaw, 964 P.2d 484, 487 (Ariz. 1998). In light of the findings that London-Marable's underlying claims against Boeing do not survive summary judgment, the claim for loss of consortium was also properly dismissed.

AFFIRMED.