**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM McGRANN,

        Plaintiff - Appellant,

  v.

FEDERAL INSURANCE COMPANY, a
member of Chubb Group of Insurance
Companies,

        Defendant - Appellee.

No. 09-55007

D.C. No. 8:07-cv-00685-AG-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and THOMAS, Circuit Judges.

     William McGrann appeals pro se from the district court's summary

judgment in his diversity action arising from Federal Insurance Company's denial

of his disability insurance claim. We have jurisdiction under 28 U.S.C. § 1291.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, *Learned v. City of Bellevue*, 860 F.2d 928, 931 (9th Cir. 1988), and we affirm.

The district court properly granted summary judgment on McGrann's breach of contract claim because he failed to raise a triable issue as to whether his wrist injuries from using his computer mouse were the result of an "accident" and therefore covered by the insurance policy. *See Williams v. Hartford Accident & Indem. Co.*, 204 Cal. Rptr. 453, 456 (Ct. App. 1984) (rejecting argument that the term "accident," for insurance coverage purposes, includes an injury due to a commonplace act); *see also Gin v. Pennsylvania Life Ins. Co.*, 36 Cal. Rptr. 3d 571, 574 (Ct. App. 2005) (rejecting accidental disability claim for carpal tunnel syndrome because "a disability that is the culmination of repetitive stresses caused by the insured's normal, everyday activities is not the result of an 'accidental bodily injury' and therefore does not fall within the coverage of the policy").

The district court properly granted summary judgment on McGrann's common counts claim because McGrann failed to raise a triable issue as to whether Federal Insurance Company was indebted to him, because the company properly denied his insurance claim. *See Farmers Ins. Exch. v. Zerin*, 61 Cal. Rptr. 2d 707, 715 (Ct. App. 1997) (stating elements of common counts claim).

The district court properly granted summary judgment on McGrann's fraud claim based on Federal Insurance Company's alleged oral misrepresentation because McGrann failed to raise a triable issue as to whether he was justified in believing that he had purchased an insurance policy guaranteeing him a $1.5 million payment. *See Lazar v. Superior Court*, 909 P.3d 981, 984 (Cal. 1996) (fraud claim requires "justifiable reliance").

We do not consider McGrann's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

McGrann's remaining contentions are unpersuasive.

We deny McGrann's request for sanctions.

**AFFIRMED.**