

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KERRIE L. SHAFFNER-HUCKABY, an individual,<br><br>                    Plaintiff - Appellant,<br><br>    v.<br><br>RALEY'S, a California corporation,<br><br>                    Defendant - Appellee. | No. 10-15355<br><br>D.C. No. 3:08-cv-00594-LRH-RAM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted April 12, 2011[**]
San Francisco, California

Before: GOODWIN and N.R. SMITH, Circuit Judges, and COLLINS, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Raner C. Collins, District Judge for the U.S. District Court for Arizona, Tucson, sitting by designation.

Kerrie Shaffner-Huckaby ("Shaffner") appeals a summary judgment in favor of Raley's, her former employer. Raley's terminated Shaffner after an internal investigation revealed that she had repeatedly misreported the amount of time she had worked. While not disputing that she misreported her time, Shaffner alleges that Raley's discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.[1]

A district court's grant of summary judgment is reviewed de novo. *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008). For the reasons that follow, we affirm. Because the parties are familiar with the facts and procedural history of the case, we do not recite them here except as necessary to our decision.

If a plaintiff establishes a prima facie case of unlawful discrimination, "the burden shifts to the defendant employer to offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011) (citing *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996)). The district court did not address whether Shaffner could meet her initial burden, finding instead that Raley's stated basis for firing Shaffner—her

---

[1]The district court also entered summary judgment against Shaffner's claims for intentional infliction of emotional distress and violations of the Family and Medical Leave Act. Shaffner has not appealed these portions of the judgment.

violation of the company's time-recording policy—was a legitimate, nondiscriminatory reason for her dismissal even if Shaffner could establish a prima facie case. *See Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (holding that if the employer meets its burden of identifying a legitimate basis for the employment action, "the presumption of unlawful discrimination [based on a prima facie showing] 'simply drops out of the picture'") (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)). Shaffner does not dispute that her undisputed violation of Raley's time-reporting policy would have been a legitimate basis for her termination.

"If the employer provides a legitimate explanation for the challenged decision, the plaintiff must show that the defendant's explanation is merely a pretext for impermissible discrimination." *Dawson*, 630 F.3d at 936 (citing *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000)). A "plaintiff may show pretext either (1) by showing that unlawful discrimination more likely motivated the employer, or (2) by showing that the employer's proffered explanation is unworthy of credence because it is inconsistent or otherwise not believable." *Dominguez-Curry*, 424 F.3d at 1037 (citing *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220–22 (9th Cir. 1998)). In its order on summary judgment, the district court found that Shaffner failed to demonstrate that Raley's was motivated to fire her because of her gender or that

3

Raley's reason for her termination was non-credible. In fact, the district court stated that "no evidence before the court suggests that Defendant terminated Plaintiff because of her gender." We agree and hold that Shaffner has failed to produce sufficient evidence to raise a genuine issue of material fact whether Raley's proffered nondiscriminatory reason for her termination was a pretext for discrimination.

Shaffner does not offer any direct evidence of Raley's discriminatory intent. Because her case is entirely circumstantial, she would have to present "'specific and substantial' evidence of intentional discrimination" to defeat Raley's motion for summary judgment. *Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1096 (9th Cir. 2005) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998)). Shaffner argues that her supervisors were not required to terminate her for misreporting her time but exercised discretion in deciding to do so. None of the proffered evidence, however, suggests that this discretionary decision was motivated by Shaffner's gender. Shaffner was on notice that she could be fired for incorrectly reporting her time, and Raley's had previously terminated male employees for similar time violations. Evidence that Shaffner might have unintentionally misreported her time or that Raley's only suspended employees on other occasions does not represent specific and substantial evidence of a discriminatory motive behind her termination, much less suggest that her time-reporting violation was merely a pretext.

4

Shaffner also proffers testimony that only five women at Raley's 140 stores have held her former position as a receiving clerk. Arguing that this is evidence of a "disparate impact" on women, Shaffner vaguely suggests that this evidence shows a discriminatory motive for her termination. This argument is flawed in multiple ways. Statistical evidence of a disparate impact is relevant to support a prima facie case of discrimination, not to show that a legitimate basis for dismissal was a pretext. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009); *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1194 (9th Cir. 2006). Further, the evidence fails to show that Raley's time-reporting policy had a disproportionate impact on women, nor does Shaffner suggest how it could be so interpreted. *See Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (requiring identification of a facially-neutral practice disproportionately impacting protected class). Indeed, the proffered evidence on Raley's hiring and promotion of women to the position of receiving clerk does not appear relevant to Shaffner's termination from this position. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1424 (9th Cir. 1990) (holding that statistical disparities must support an inference of causation).

Finally, Raley's did not present inconsistent explanations for Shaffner's dismissal that would suggest their stated reason for doing so is not credible. While

5

Raley's managers did not state the basis for Shaffner's termination in identical terms, they generally testified that she was fired for misreporting her time in violation of Raley's policies. Their explanations were therefore not inconsistent and did not suggest that the stated basis for Shaffner's termination was a pretext. *See Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 661–62 (9th Cir. 2002) ("We do not infer pretext from the simple fact that Republic had two different, although consistent, reasons for laying off Aragon."); *Nidds*, 113 F.3d at 918 (holding that different justifications for an adverse action is not sufficient to defeat summary judgment when those reasons are "not incompatible").

**AFFIRMED.**