**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN JOSEPH CATANZARITE,

Plaintiff - Appellant,

v.

R. HOREL, Acting Warden; et al.,

Defendants - Appellees.

No. 10-16277

D.C. No. 3:07-cv-00677-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

California state prisoner John Joseph Catanzarite appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

defendants violated his due process rights in connection with his indeterminate

detention in the Security Housing Unit ("SHU"). We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment on Catanzarite's claim that his indeterminate SHU detention violated his due process rights because prison officials afforded Catanzarite all of the process he was due under the Fourteenth Amendment. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1100-01, 1104 (9th Cir. 1986) (explaining due process procedures to which prisoners with liberty interests in their placements are entitled, and noting that while some sort of periodic review of an inmate's continued segregated confinement is necessary, this review does not require the submission of additional evidence), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *see also Bruce*, 351 F.3d at 1287 (holding that SHU confinement that manifests an "administrative strategy designed to preserve order in the prison and protect the safety of all inmates" need only be supported by "some evidence," and noting that "the assignment of inmates within the California prisons is essentially a matter of administrative discretion" (citations and internal quotation marks omitted)).

We do not consider Catanzarite's contentions concerning alleged state-law claims, which are raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

Catanzarite's remaining contentions are unpersuasive.

**AFFIRMED.**