

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS – WEST, on behalf of represented employees, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> PRIME HEALTH CARE SERVICES, INC., et al., <br><br> Defendants - Appellees. | No. 10-16832 <br><br> D.C. No. 2:08-cv-02980-LKK-CMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted October 26, 2011
San Francisco, California

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,[**] Senior District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lewis A. Kaplan, Senior District Judge for the United States District Court for Southern District of New York, sitting by designation.

Plaintiff Service Employees International Union, United Healthcare Workers – West ("SEIU") timely appeals from the summary judgment entered in favor of Defendants. Reviewing de novo, Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co., 546 F.3d 1142, 1145 (9th Cir. 2008), we affirm.

Plaintiff contends that Defendants violated the Federal Worker Adjustment Relocation and Notification Act ("WARN Act") by failing to notify employees at least 60 days before a change in hospital management that resulted in a workforce reduction and loss of union representation. In order to trigger a duty to warn under the WARN Act, a "mass layoff" or a "plant closing" must have occurred. See 29 U.S.C. § 2102(a) ("An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order[.]"); Int'l Alliance of Theatrical & Stage Employees v. Compact Video Servs., Inc., 50 F.3d 1464, 1466 (9th Cir. 1995) ("WARN requires that an employer give 60 days advance warning before any 'plant closing' or 'mass layoff.'").

Plaintiff argued in its opening brief only that a mass layoff had occurred at the hospital. Plaintiff later sent a letter to the court withdrawing the contention that a mass layoff had occurred and, at oral argument, counsel verbally confirmed the withdrawal of this theory.

Instead, Plaintiff sought to argue that the change in hospital management constituted a plant closing under the WARN Act. Unfortunately, Plaintiff did not raise that argument in its opening brief to this court. The argument is therefore waived. See, e.g., United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) ("Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."); Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived. ").

Plaintiff's other objections to summary judgment are moot.

AFFIRMED.