**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATLIN UNDERWRITING AGENCIES LIMITED, | No. 10-56342 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-00173-WQH-JMA |
| v. | |
| SAN DIEGO REFRIGERATED SERVICES, INC., DBA Harborside, DBA San Diego Terminals; PLA-ART INTERNATIONAL, DBA San Diego Cold Storage, | MEMORANDUM* |
| Defendants - Appellants, | |
| and | |
| MIGUEL CUEVA, AKA Miguel Tamayo; MARCUS FOODS, INC.; SERGIO HERNANDEZ; DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 14, 2012
Pasadena, California

Before:    FARRIS and W. FLETCHER, Circuit Judges, and HELLERSTEIN, Senior District Judge.[**]

This appeal is an insurance coverage dispute between Plaintiff Catlin Underwriting Agencies Limited ("Catlin") and Defendants San Diego Refrigerated Services, Inc., and Pla-Art International ("Pla-Art"). Catlin, a commercial insurance company in London, insured Pla-Art's cold storage warehouse facilities in San Diego and National City, California. At issue is whether Catlin had a duty to defend an underlying state court lawsuit filed against Pla-Art by one of its customers. The district court granted summary judgment in Catlin's favor, dismissed Pla-Art's counterclaims with prejudice, and denied Pla-Art's Rule 59(e) motion to alter or amend. We affirm.

We review *de novo* a district court's grant of summary judgment on cross-motions for summary judgment, *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008), and dismissal of counterclaims based on questions of law, s*ee Qwest Corp v. City of Surprise*, 434 F.3d 1176, 1180 (9th Cir. 2006). The denial of a Rule 59(e) motion to alter or

---

[**]    The Honorable Alvin K. Hellerstein, Senior United States District Judge for the Southern District of New York, sitting by designation.

amend the judgment is reviewed for abuse of discretion. *Ta Chong Bank Ltd. v. Hitachi High Technologies America, Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010).

California law governs this insurance policy dispute brought in a diversity action. *Hyundai Motor America v. National Union Fire Ins. Co.*, 600 F.3d 1092, 1097 (9th Cir. 2010). "Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005). The insurer's duty to defend turns on the facts alleged in the underlying complaint or otherwise known at the time of tender, rather than "the technical legal cause[s] of action" pled in the suit. *Swain v. Cal. Cas. Ins. Co.*, 99 Cal. App. 4th 1, 8 (2002).

Here, the underlying complaint alleged that Pla-Art "agreed, conspired, planned and engaged" in the ongoing, unauthorized release and sale of goods to third parties, and that this conduct constituted a breach of contract and conversion. The insurance policy imposed on Catlin a duty to defend and indemnify Pla-Art against lawsuits alleging property damage resulting from an "occurrence" or "accident." The district court concluded that Catlin had no duty to defend because the underlying complaint alleged only deliberate and intentional wrongdoing with

3

foreseeable consequences, rather than an "occurrence" or "accident" within the meaning of the policy. We agree.

Because the district court granted summary judgment in Catlin's favor, it properly dismissed with prejudice Pla-Art's counterclaims that were logically foreclosed on their merits. Nor did the district court abuse its discretion in denying Pla-Art's motion to alter or amend.

**AFFIRMED**.