**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID KRUSE, an individual, | No. 10-56564 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00675-DEW-VBK |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Donald E. Walter, Senior District Judge, Presiding

Argued and Submitted March 7, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Kruse appeals the district court's order granting summary judgment to

Appellee, Experian, and denying his motion for summary judgment. We review *de*

*novo* a district court's grant of summary judgment on cross-motions for summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

judgment. *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).

Kruse's suit alleged that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Liability under the FCRA is based on a prima facie showing of inaccurate reporting. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). The Settlement Agreement and Mutual Release executed by Kruse and by Citibank releases each of them from any "rights, claims, and actions, contracts, suits, and/or liabilities." So neither Kruse nor Citibank can make further claims against each other on the subject of the release. But that release does not contain a confidentiality agreement or limit Citibank's ability to report on the history of the account. Nor does the mutual release between Kruse and Citibank purport to impose any obligations on third parties such as Experian. Kruse's self-serving assertion that he never owed money to Citibank is not sufficient to create a disputed material fact. *See FTC v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010) ("[A court] need not find a genuine issue of fact if, in its determination, the particular declaration was uncorroborated and self-serving."). Summary judgment was properly granted in favor of Experian because Kruse has not shown any inaccuracies in his credit report, as is required to maintain an FCRA claim.

2

**AFFIRMED**.