**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CANDACE S. WALTERS,

          Plaintiff-Appellant,

  v.

ODYSSEY HEALTHCARE
MANAGEMENT LONG TERM
DISABILITY PLAN and ODYSSEY
HEALTHCARE MANAGEMENT LONG
TERM DISABILITY PLAN
ADMINISTRATOR,

          Defendants-Appellees.

No.   14-16930

D.C. No. 2:11-cv-00150-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Before: THOMAS, Chief Judge, and KOZINSKI and FRIEDLAND, Circuit
Judges.

Candace Walters appeals the district court's order granting summary

judgment to Odyssey Healthcare Management, denying her cross-motion, and

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

denying her motion to remand the matter to the plan administrator for further factual inquiry. We affirm.

An order granting summary judgment on cross-motions is reviewed de novo. *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008). Summary judgment may be affirmed for any reason supported by the record. *Id.*

We may assume without deciding that the district court incorrectly disregarded Walters' affidavit, which described her memory of submitting a claim for long-term disability benefits. Had the district court considered that affidavit, Odyssey would nonetheless be entitled to summary judgment. Under the undisputed provisions of the long-term disability plan, a participant who believes her claim was wrongly rejected must pursue an internal administrative appeal within 180 days. Likewise, federal law requires a claimant to "avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) (citing *Amato v. Bernard*, 618 F.2d 559, 566–68 (9th Cir. 1980)). Walters offered no evidence that she pursued an internal review of Odyssey's decision. She therefore cannot proceed with a federal lawsuit, *see id.*,

and there is no need to remand the matter to the plan administrator for further factual development.

**AFFIRMED**.