**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUDY BAMBERGER,

           Plaintiff-Appellant,

  v.

MARSH USA, INC., DBA Marsh Risk
and Insurance Services,

           Defendant,

  and

NATIONAL UNION FIRE INSURANCE
COMPANY, a Corporation,

           Defendant-Appellee.

No.   16-55252

D.C. No.
2:14-cv-06041-MWF-MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 6, 2017
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Judy Bamberger appeals from district court orders granting partial summary judgment, and entry of final judgment following a bench trial, in favor of Defendant-Appellee National Union Fire Insurance Company. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo an order granting partial summary judgment. *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 (9th Cir. 2002). "Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." *Id.* "We may affirm for any reason supported by the record." *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).

1. We affirm summary judgment on Bamberger's contract claim. Bamberger has no extant contract damages because National Union reimbursed Bamberger for her out-of-pocket contribution to the *Moradi* settlement, plus interest. Bamberger's contract damages do not include the amount her excess insurer contributed to the *Moradi* settlement. *See Pan Pac. Retail Props., Inc. v. Gulf Ins. Co.*, 471 F.3d 961, 973–74 (9th Cir. 2006). Emotional distress damages are generally unavailable in contract actions, *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 460 (Cal. 1994), and Bamberger cites no authority beyond a single outlier case for the proposition that insurance contract actions fall

2

outside the general rule. *See Crisci v. Sec. Ins. Co. of New Haven*, 426 P.2d 173, 179 (Cal. 1967) (permitting emotional distress damages for breach of an insurance contract where "the breach also constitute[d] a tort").

2. We affirm partial summary judgment on Bamberger's bad faith claim for the period between National Union's learning of the *Moradi* action and the state trial court's granting Marsh's motion for summary judgment. During that period, National Union owed Bamberger no duty to defend. *See* Cal. Ins. Code § 11580.9(d); *Signal Cos. v. Harbor Ins. Co.*, 612 P.2d 889, 894 (Cal. 1980). National Union did not impermissibly favor Marsh over Bamberger; Bamberger herself initially denied that she was acting as anyone's agent or employee at the time of the accident. National Union breached no recognized disclosure obligation because National Union disclosed the existence of the policy to Bamberger and her lawyers, and Bamberger did not show that National Union was on notice that she was unaware she was a potential insured. *See Sarchett v. Blue Shield of Cal.*, 729 P.2d 267, 276 (Cal. 1987) (recognizing a disclosure obligation "[o]nce it becomes clear to the insurer that its insured" is ignorant of his or her rights under the policy). Finally, even if National Union breached a duty to Bamberger, she suffered no compensable harm because her primary insurer provided a defense and she opposed Marsh's motion for summary judgment in the state trial court.

3

3.  We also affirm partial summary judgment on Bamberger's bad faith claim for the period between the state trial court's granting Marsh's motion for summary judgment and the *Moradi* appeal's becoming final.  National Union could reasonably rely on the summary judgment ruling to justify its subsequent non-contribution to the *Moradi* settlement.  *See Fillipo Indus., Inc. v. Sun Ins. Co. of N.Y.*, 88 Cal. Rptr. 2d 881, 888 (Ct. App. 1999) (stating that "the reasonableness of the insurer's decision must be evaluated as of the time it was made").

4.  Finally, we affirm the district court's judgment following the bench trial on Bamberger's bad faith claim for the period after the *Moradi* appeal became final.  The district court applied the correct legal standard and it did not clearly err in finding that National Union "simply did not commit a 'conscious and deliberate act' to frustrate Bamberger's contractual rights."  *See Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 108 Cal. Rptr. 2d 776, 783 (Ct. App. 2001) (requiring "a conscious and deliberate act" rather than "an honest mistake, bad judgment or negligence" to support liability for bad faith (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 399–400 (Ct. App. 1990))).  That judgment also precludes punitive damages.

**AFFIRMED.**