NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50406 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00569-GHK-1 |
| v. | |
| BYRON DREDD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted February 8, 2018
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,[**]
District Judge.

Byron Dredd, a former Los Angeles County Sheriff's Department ("LASD")

Deputy, appeals the denial of his motion to dismiss a charge of making false

statements to the Federal Bureau of Investigation ("FBI") in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

§ 1001 ("Count Three"). After a trial on offenses related to an alleged cover-up of an unlawful use of force incident, a jury acquitted Dredd of conspiracy against rights, in violation of 18 U.S.C. § 241 ("Count One"), and falsification of records, in violation of 18 U.S.C. § 1519 ("Count Two"). The jury deadlocked on the false statements charge and the district court declared a mistrial. Dredd asserts that the Fifth Amendment's Double Jeopardy clause prohibits his retrial on Count Three. We have jurisdiction over this appeal under 28 U.S.C. § 1291 and affirm.[1]

We review the district court's ruling de novo. *United States v. Castillo–Basa*, 483 F.3d 890, 895 (9th Cir. 2007). Retrial following a hung jury does not constitute double jeopardy, *Richardson v. United States*, 468 U.S. 317, 324-26 (1984), but the issue preclusion component of the Double Jeopardy clause will apply and a jury's acquittal will have preclusive force if "the same jury in the same proceeding fails to reach a verdict on a different count turning on the same critical issue[.]" *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 357 (2016). A jury verdict that "necessarily decide[s]" a critical issue of ultimate fact in a defendant's favor "protects [the defendant] from prosecution for any charge for which that fact is an essential element." *Yeager v. United States*, 557 U.S. 110, 123 (2009). The burden is on the defendant to demonstrate that the issue he seeks to shield from

---

[1] On February 7, 2017, we found the district court's denial of Dredd's motion to dismiss was an appealable order. *See United States v. Cejas*, 817 F.2d 595, 596 (9th Cir. 1987).

reconsideration was actually decided by a prior jury's verdict of acquittal. *Bravo-Fernandez*, 137 S. Ct. at 359.

Given the prosecution's evidence, the parties' closing arguments, and the jury instructions, Dredd has failed to meet his burden to demonstrate that the issue he seeks to foreclose from relitigation—his knowledge of the falsity of the statements he made to the FBI—was actually decided in his trial. After a realistic examination of the record, we agree with the district court's conclusion that a jury could have rationally determined that Dredd did not have knowledge of the statements' falsity in 2011. We find no error in the district court's determination that the elements of the Count Three false-statement charge were not "necessarily decided" in Dredd's favor when the jury acquitted him on the Count Two falsification-of-records charge. *See Yeager*, 557 U.S. at 123.

Further, collateral estoppel does not bar retrial if the jury could have realistically and rationally acquitted Dredd on a different ground. *See Ashe v. Swenson*, 397 U.S. 436, 444 (1970). The jury may have acquitted Dredd of Count 2 because it did not believe beyond a reasonable doubt that he intended to obstruct a federal investigation, which was an element of the falsification of records charge. *See* 18 U.S.C. § 1519. Though the district court did not reach this issue, "[w]e may affirm for any reason supported by the record." *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).

Finally, even if we have jurisdiction to reach Dredd's claim that a retrial on Count Three would improperly constructively amend the indictment, we decline to do so because Dredd can raise his arguments in the district court once the government initiates proceedings to retry him.

AFFIRMED.