NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE HOWISEY, as attorney in fact for Wallace E. Howisey, an incapacitated person and WALLACE HOWISEY, an incapacitated person, | No. 17-36045 |
| | D.C. No. 2:17-cv-00009-RSM |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| TRANSAMERICA LIFE INSURANCE COMPANY, a foreign corporation organized under laws of the State of Iowa, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted March 4, 2019
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and BASHANT,** District Judge.

Mike Howisey, attorney-in-fact for his father, Wallace E. Howisey

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Cynthia A. Bashant, United States District Judge for the Southern District of California, sitting by designation.

("Howisey"), appeals various district court orders in a dispute arising from the long-term care insurance policy (the "Policy") Howisey held with Transamerica Life Insurance Company ("Transamerica").[1]  This dispute involves two Policy benefits: (1) the Nursing Home Benefit, which covers the cost of care in a state-licensed nursing home and (2) the separate Assisted Living Facility ("ALF") Benefit, which covers the cost of care in a licensed ALF.

Beginning in October 2014, Howisey received care for Alzheimer's at Aegis of Kirkland ("Aegis"), a facility licensed by the state of Washington as an assisted living facility.  Howisey submitted a Policy coverage claim for his Aegis stay, which Transamerica approved for the ALF Benefit.  After exhausting his ALF Benefit in March 2016, Howisey claimed entitlement to the Nursing Home Benefit to cover his Aegis stay.  Transamerica investigated and ultimately denied Howisey's second claim because it determined that Aegis was not a state-licensed nursing home, nor substantially like one under the Policy.  Howisey rejected an alternate care plan Transamerica offered to cover his Aegis stay pursuant to the Policy and filed this suit instead.  In relevant part, Howisey raised claims for breach of contract and common law and statutory bad faith.  He sought damages and declaratory relief.

Transamerica moved for summary judgment on all of Howisey's claims and

---

[1] We grant the motion by United Policyholders to file an *amicus curiae* brief in support of Howisey.  **Dkt. No. 17-1.**

Howisey cross-moved on his coverage claim. The district court granted summary judgment for Transamerica, denied Howisey's Rule 56(d) request for additional discovery, and denied Howisey's subsequent motion for reconsideration of summary judgment. Howisey appeals the district court's summary judgment order and denial of his Rule 56(d) request.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

We review de novo a district court's grant of summary judgment. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). We view the evidence in the light most favorable to the nonmovant and inquire "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011) (citation omitted). Washington law applies in this diversity action. *Stanford Ranch v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). We may affirm the district court's order "for any reason supported by the record." *Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008).

---

[2] We deem waived Howisey's appeal of the reconsideration order because Howisey's opening brief failed to identify the applicable review standard or argue why the order fails under that standard. *See Lolli v. Cty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). We will not consider arguments related to the order raised for the first time in reply. *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1019 (9th Cir. 1999). Howisey's opening brief does not address the summary judgment rulings on his negligent retention and hiring and intentional misrepresentation claims. Those claims are therefore waived, and we do not address them. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).

We review a denial of a Rule 56(d) request for abuse of discretion. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

1.     The district court did not err in granting summary judgment for Transamerica on Howisey's coverage claim because the Policy's Nursing Home Benefit does not cover Howisey's Aegis stay. "The court examines the terms of an insurance contract to determine whether under the plain meaning of the contract there is coverage." *Kitsap Cty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1178 (Wash. 1998). "If terms are defined in a policy, then the term should be interpreted in accordance with that policy definition." *Id.* The Policy expressly defines the term "Nursing Home" to mean a state-licensed nursing home and the Policy's Nursing Home Benefit provisions use this defined term. Aegis was undisputedly not a state-licensed nursing home. Thus, pursuant to the Nursing Home definition's unambiguous language, the Nursing Home Benefit does not embrace Howisey's Aegis stay.[3] The district court properly determined that the Nursing Home Benefit's

---

[3] We reject Howisey's arguments that certain Washington law principles of insurance policy interpretation applicable to coverage and exclusion provisions warrant a different result. In addition to incorporating the Nursing Home definition, the Policy's Nursing Home Benefit coverage and exclusion provisions expressly require care in a state-licensed nursing home. We cannot ignore the plain language of these provisions to import meanings the provisions preclude. *See Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005) (holding that strict application of an insurance exclusion provision "should not trump the plain, clear language of an exclusion"); *State Farm Mut. Auto. Ins. Co. v. Ruiz*, 952 P.2d 157, 159 (Wash. 1998) ("[C]ourts must liberally construe inclusionary clauses in

17-36045

substantial compliance provision is not at issue because Transamerica's personal care advisor did not agree that Aegis substantially complies with the Policy's Nursing Home definition.

We reject Howisey's arguments that Washington's Long-Term Care Insurance Act and implementing regulations render invalid the Policy's state-licensed nursing home requirement. *See* Wash. Rev. Code § 48.84 *et seq*.; Wash. Admin. Code § 284-54 *et seq*. Howisey has not shown that the Policy is contrary to the various provisions of Washington law on which he relies.

Finally, reading the Policy as a whole shows that the Policy's separate ALF Benefit—not the Nursing Home Benefit—covered Howisey's Aegis stay. *See Overton v. Consol. Ins. Co.*, 38 P.3d 322, 325 (Wash. 2002) (holding that an insurance policy "is construed as a whole and each clause is given force and effect"). The ALF Benefit unambiguously provided coverage for care in a licensed ALF and thus covered Howisey's Aegis stay. It is undisputed that Howisey received and exhausted the Policy benefit to which he was entitled for his Aegis stay.

2.    The district court did not err in granting summary judgment to Transamerica on Howisey's bad faith claims related to Transamerica's investigation

---

insurance policies in favor of coverage *for those who can reasonably be embraced within the terms of the clause*." (emphasis added)).

and Nursing Home Benefit denial.[4]

For bad faith, a plaintiff must show "duty, breach of that duty, and damages . . . caused" by the breach and that "the insurer's breach . . . was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003). "Whether an insurer acted in bad faith is question of fact." *Id.* But "an insurer is entitled to . . . dismissal on summary judgment of a policyholder's bad faith claim only if there are no disputed material facts pertaining to the reasonableness of the insurer's conduct under the circumstances . . . ." *Id.* (citation omitted). Transamerica based its Nursing Home Benefit denial on a reasonable interpretation of the Policy and thus "there is no action for bad faith." *Overton*, 38 P.3d at 329. Howisey failed to show that Transamerica violated any regulation that would constitute a *per se* breach of an insurer's duty of good faith. *See Coventry Assocs. v. Am. States Ins. Co.*, 961 P.2d 933, 935 (Wash. 1998); *see also* Wash. Admin. Code. § 284-30 *et seq*.

Howisey also failed to show that a different investigation by Transamerica would have led to a different Nursing Home Benefit claim determination. *See Am. Best Food, Inc. v. Alea London, Ltd.*, 158 P.3d 119, 129–30 (Wash. Ct. App. 2007) (affirming dismissal of a bad faith investigation claim when the party had not shown

---

[4] We decline to separately analyze each of the underlying assertions of bad faith because Howisey has failed to meaningfully differentiate among them. Therefore, we consider his bad faith claims together.

17-36045

that further factual investigation would lead to a different outcome given the insurer's legal opinions and conclusions), *rev'd in part and aff'd in relevant part*, 229 P.3d 693, 699 n.4 (Wash. 2008).

3. The district court did not abuse its discretion in denying Howisey's Rule 56(d) request. Abuse of discretion in denying a Rule 56(d) request turns on whether the movant has shown how specifically identified additional facts are essential and will preclude summary judgment. *SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018). Howisey failed to identify what specific facts additional discovery would reveal and how such facts would preclude summary judgment on coverage or bad faith.

4. We deny Howisey's request for attorney fees. "Attorney fees under *Olympic* [*S.S. Co. v. Centennial Ins. Co.*, 811 P.2d 673, 681 (Wash. 1991)] are available only when the insured prevails." *Hardy v. Pemco Mut. Ins. Co.*, 61 P.3d 380, 382 (Wash. Ct. App. 2003). Howisey did not prevail and, therefore, he is not entitled to recover such fees.

**AFFIRMED.**