**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES BRYANT PHIFER, | No. 09-17222 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00747-LKK-DAD |
| v. | |
| SACRAMENTO CITY AND COUNTY HOUSING AND REDEVELOPMENT AGENCY and ANNE MOORE, Executive Director, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

James Bryant Phifer appeals pro se from the district court's summary

judgment in his action alleging that defendants discriminated against him on the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

basis of his race and disability by denying his reasonable accommodation request to transfer to another housing unit, and changing his enrollment date on the waiting list for a Housing Choice Voucher program. We have jurisdiction under 28 U.S.C. § 1291. We review novo the district court's grant of summary judgment, *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997), and for an abuse of discretion the denial of leave to amend, *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

The district court properly granted summary judgment on Phifer's discrimination claims because he failed to raise a genuine issue of material fact as to whether defendants denied his transfer request because of his race or disability, failed to accommodate his disability, or changed his Housing Choice Voucher program enrollment date. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999) (Americans with Disabilities Act and Rehabilitation Act); *Gamble*, 104 F.3d at 306-07 (Fair Housing Act); *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994) (Title VI), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc).

The district court did not abuse its discretion in denying Phifer's motion to amend his complaint after the scheduling order deadline because Phifer failed to

show "good cause." *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (Rule 16(b)'s "good cause" standard applies when a plaintiff seeks to amend a complaint after the scheduling order deadline, and the primary consideration in the good cause determination is the "diligence of the party seeking the amendment").

Phifer's remaining contentions are unpersuasive.

We do not consider Phifer's contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

We deny Phifer's motion to strike and request for judicial notice. We grant defendants' request for judicial notice.

**AFFIRMED.**