**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-5086**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PAUL OSUJI,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:06-cr-00415-MOC-1)

———————————

Submitted:  July 30, 2012        Decided:  October 16, 2012

———————————

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mark P. Foster, Jr., RAWLS, SCHEER, FOSTER & MINGO, PLLC, Charlotte, North Carolina, for Appellant.  Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Having been resentenced after his initial sentence was vacated on direct appeal, see United States v. Osuji, 413 F. App'x 603 (4th Cir. 2011), Paul Osuji now seeks recourse in this court a second time, attempting to challenge several of his convictions as well as the sentence newly imposed upon him. We have thoroughly reviewed the record, and we affirm.

Osuji first asserts that the district court erred in sentencing him on five of the money laundering counts of which he was convicted, contending that the relevant convictions should have been vacated pursuant to this court's reasoning in his direct appeal, which vacated the pertinent convictions with respect to his codefendant. As the Government correctly observes, however, Osuji failed to raise this argument in his initial appeal. Thus, his present attempts to challenge his convictions are barred by the mandate rule. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal"); Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc., 974 F.2d 502, 505 (4th Cir. 1992) ("[W]here an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.").

2

Osuji also attacks the district court's application of the Guidelines to his case. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In assessing whether a sentencing court properly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks and citation omitted).

Osuji's first argument with respect to his sentence alleges that the district court erred in assigning him a 2-level enhancement under USSG § 3B1.3 for abuse of a position of trust. We have reviewed Osuji's contentions and conclude that they are squarely inconsistent with circuit precedent. See United States v. Bolden, 325 F.3d 471, 504 (4th Cir. 2003).

Osuji next claims that he was improperly assigned a 4-point leadership role enhancement under USSG § 3B1.1(a). In our view, however, the record evidence does not support a conclusion that the district court committed clear error in applying the enhancement to Osuji. Cf. United States v. Cameron, 573 F.3d 179, 184-86 (4th Cir. 2009).

3

Finally, Osuji takes issue with the district court's conclusion that his offenses involved a loss of more than $1 million, triggering a 16-level enhancement under USSG § 2B1.1(b)(1)(I). Of course, § 2B1.1(b) tethers the relevant loss calculation to "the greater of actual loss or intended loss." USSG § 2B1.1, cmt. n.3(A)(i). And a district judge may rely on the amount that a defendant billed to Medicare "as prima facie evidence of the amount of loss he intended to cause." United States v. Miller, 316 F.3d 495, 504 (4th Cir. 2003). Notwithstanding Osuji's assertion that the loss amount should be reduced by the value of the medical equipment that some of the patients involved in the scheme may have been entitled to receive, the district court expressly found that the existence of any such eligible patients would have been a mere fortuity that was not expected by Osuji. In other words, the district court specifically found that Osuji intended to cause Medicare to suffer a loss in the full amount which he billed to it. The district court's calculation of the loss intended by Osuji's offenses was therefore not erroneous.

Accordingly, we affirm the judgment of the district court. We deny Osuji's pending motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

material before the court and argument will not aid the decisional process.

AFFIRMED